# TIMOTEO GONZALEZ

*v.*

# RAMON VALDES ET AL.

---

San Juan, Law, 1186.

### RAISING QUESTION OF CITIZENSHIP AFTER JUDGMENT.

Appeal—Proceeding Below.
    1. After appeal is allowed the lower court ceases to have juris-

Gonzalez v. Valdes.

diction of the case except for such purposes as preservation of the property in dispute. An appeal, however, is not complete until the appeal bond is given.

Practice—Jurisdiction—Facts Outside of Record.

2. Where the alleged lack of jurisdiction does not appear upon the record and could have been shown in the trial, but has not been set up except by offer of affidavits after judgment, the point will not be entertained.

Opinion filed August 24, 1918.

_Mr. H. R. Francis_ for plaintiff.

_Mr. Leopoldo Feliu_ for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a motion in arrest of judgment setting up that the case does not show diversity of citizenship necessary to the jurisdiction of this court, and that the point was not presented before because recent decisions of this court on applications for citizenship have only lately brought it to public attention.

1. There is a question how far this court has power to entertain jurisdiction of the motion. The verdict was rendered in this case March 2, 1918, and judgment followed in due course. May 4 a petition was filed for writ of error accompanied by assignment of errors, and on May 24 there was filed a bill of exceptions. The present motion in arrest of judgment was not filed until June 3 and submitted eleven days later. After the court has granted the writ, it may be questioned whether it has authority to set aside the judgment which has been appealed from, and entertain any motion whatever. The rule is that

after an appeal is perfected the lower court ceases to have jurisdiction except as to preservation of the property, if any, and that all applications in the case must be had to the upper court. In the case at bar no appeal bond for costs appears to have been given and that is generally regarded as the final step in perfecting an appeal. The court will therefore proceed to consider the merits of the application.

2. It seems from the motion itself, which is sworn to, that there has been no change in the facts since the trial of the case. The present application, whatever be its merits, could have been heard at that time, or earlier, just as well as since. The point raised is one going to the jurisdiction of the court, and it is said that questions of jurisdiction can be raised at any time and ex mero motu the court. This, however, applies where the jurisdiction appears upon the face of the papers themselves, and not where evidence dehors the record must be supplied. The present motion itself prays that the day be set for the hearing of evidence upon this point. It appears to the court that the application comes too late. If evidence is to be heard upon a point connected with the issue, that evidence must be presented upon the trial itself, otherwise it amounts to letting a party speculate upon the verdict of the jury, and if that is not satisfactory then apply for trial of certain issues secretly reserved. The point raised is one of fact and should have been submitted to the jury the same as other issues of fact. The citizenship of the parties was fixed by the pleadings themselves and any point in that connection cannot be raised at this time. The court cannot determine questions of fact, unless perhaps by consent of the parties waiving a jury. Under the Constitution of the United States all such questions must be determined by

Gonzalez v. Valdes.

a jury. Slocum v. New York L. Ins. Co. 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523, Ann. Cas. 1914D, 1029.

3. The court is the more unwilling to take up the matter in that it might be a determination indirectly of questions which will become important in connection with the military duty of several of these defendants. They seem to be within the draft ages, but so far as appears have not entered the Army. Their not being in the Army may be due to questions of exemption which might arise upon direct proceedings, and it would be better to avoid passing upon them except in proceedings to which the government is a direct party, provided it can be avoided. It does not seem necessary at this time to go further. The motion is denied.

It is so ordered.